IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEJUAN JENKINS,<br><br>      Plaintiff,<br><br>v.<br><br>SERGEANT PHILLIPS, C/O HOUSE,<br>C/O QUINN, LIEUTENANT KEIFER,<br>and JOSHUA SCHOENBECK,<br><br>      Defendants. | Case No. 24-cv-2413-NJR |

## MEMORANDUM AND ORDER

**ROSENTENGEL, Chief Judge:**

Plaintiff Kejuan Jenkins, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Jenkins's allegations regarding the use of force against him was severed from his claims in *Jenkins v. Wills, et al.*, Case No. 24-cv-00476-SPM.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## The Complaint

The allegations that form the basis of Jenkins's claims in this severed case were set forth in United States District Judge Stephen P. McGlynn's Order dated October 31, 2024 (Doc. 1). As it relates to Jenkins's claims regarding the events of October 12, 2023, Jenkins alleges that he and other inmates were escorted to their cells on that date with their hands handcuffed behind their backs (Doc. 1, p. 4). Sergeant Phillips told Jenkins to pull up his pants, but Jenkins informed Phillips that he could not perform certain movements behind his back due to a previous shoulder injury (*Id.*). Phillips threatened to take Jenkins to segregation if he refused to pull up his pants (Doc. 2, pp. 7-8). Jenkins asked for help pulling up his pants. Phillips told Jenkins he was "retarded" and took him to segregation. On October 16, 2023, Jenkins was escorted to the healthcare bullpen (*Id.* at p. 8). He was then beaten and maced by Correctional Officers House, Quinn, and Keifer at the direction of Sergeant Phillips and Lieutenant Schoenbeck. When Jenkins returned to his cell, one of the officers sprayed his mattress with mace (*Id.* at p. 8). He also overheard Quinn tell House to turn off the water to his cell and keep it turned off (Doc. 1, p. 4).

## Discussion

Based on the allegations in the Complaint, the Court redesignates the following counts:

    **Count 1:**    **Eighth Amendment excessive force claim against Phillips, House, Quinn, Keifer, and Schoenbeck for spraying Jenkins with mace and physically assaulting him.**

    **Count 2:**    **Eighth Amendment cruel and unusual punishment claim against Quinn and House for spraying Jenkin's mattress with mace and turning off the water to his cell.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

At this stage, Jenkins states Eighth Amendment claims in Counts 1 and 2. He alleges that Phillips, House, Quinn, Keifer, and Schoenbeck used excessive force against him when they beat him and sprayed him with mace. He also adequately alleges that Quinn and House used cruel and unusual punishment when they sprayed his mattress with mace and turned off the water to his cell. Thus, Counts 1 and 2 shall proceed.

## Disposition

For the reasons stated above, Count 1 shall proceed against Phillips, House, Quinn, Keifer, and Schoenbeck. Count 2 shall proceed against Quinn and House.

The Clerk of Court shall prepare for Defendants Sergeant Phillips, Correctional Officer House, Correctional Officer Quinn, Lieutenant Keifer, and Joshua Schoenbeck: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Jenkins. If a defendant fails to sign and return the Waiver

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Jenkins, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Jenkins, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Jenkins is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply

with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED: December 5, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**